J-S12043-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
QUASHAAD JAMES :
:
Appellant : No. 1026 EDA 2023

Appeal from the Judgment of Sentence Entered March 16, 2023
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0004569-2021

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
QUASHAAD JAMES :
:
Appellant : No. 1029 EDA 2023

Appeal from the Judgment of Sentence Entered March 16, 2023
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0004568-2021

BEFORE: DUBOW, J., SULLIVAN, J., and BENDER, P.J.E.

MEMORANDUM BY BENDER, P.J.E.: **FILED MAY 21, 2024**

In these consolidated cases, Quashaad James (Appellant), appeals from

the aggregate judgment of sentence of 20 to 40 years' incarceration, imposed

after he was convicted, following a non-jury trial, of attempted murder,

aggravated assault, and other related offenses. On appeal, Appellant

challenges the sufficiency and weight of the evidence to sustain his

convictions, as well as the discretionary aspects of his sentence. After careful review, we affirm.

The trial court set forth a summary of the facts and procedural history underlying Appellant's convictions, which we adopt herein. **See** Trial Court Opinion (TCO), 8/31/23, at 3-4. We need only note that on December 12, 2022, Appellant was convicted, in the case docketed at CP-51-CR-0004568-2021 (No. 1029 EDA 2023), of aggravated assault (serious bodily injury), simple assault, and recklessly endangering another person (REAP), based on evidence that he shot Juan Suarez.[1] In the case docketed at CP-51-CR-0004569-2021 (No. 1026 EDA 2023), Appellant was convicted of attempted murder, aggravated assault (serious bodily injury), possession of a firearm by a person prohibited, carrying a firearm without a license, carrying a firearm on a public street in Philadelphia, possessing an instrument of crime (PIC), simple assault, and REAP, based on evidence that he shot Felix Fabian. More specifically, at Appellant's trial, Mr. Suarez and Mr. Fabian both identified Appellant as the person who shot them. **See** N.T. Trial, 12/12/22, at 55 (Mr. Fabian's identifying Appellant as the individual who shot him); **id.** at 83 (Mr. Suarez's testifying that he saw Appellant firing a gun and Mr. Suarez was shot in the thigh); **id.** at 84 (Mr. Suarez's testifying that he saw Appellant shooting

_____

[1] In the certified record, trial court opinion, and briefs of the parties, this victim is referred to by various names, including Juan Carlos Saurez, Juan Carlos Suarez-Lopez, Juan Carlos Lopez, and Juan Carlos Delobre-Suarez. As the Criminal Information states his name as Juan Suarez, we will use that name (or "Mr. Suarez") herein.

at Mr. Fabian). Additionally, another eyewitness, Ariana Floyd, told police that Appellant was the shooter on the night the shooting occurred. *Id.* at 26 (Ms. Floyd's testifying that she told police on the night of the shooting that Appellant had shot Mr. Fabian).

On March 16, 2023, Appellant was sentenced to consecutive terms of 5 to 10 years' incarceration for the aggravated assault of Mr. Suarez, 10 to 20 years' incarceration for the attempted murder of Mr. Fabian, and 5 to 10 years' incarceration for possession of a firearm by a person prohibited. He received no further penalty on all remaining counts, thus totaling an aggregate term of 20 to 40 years' incarceration. On March 17, 2023, Appellant filed post-sentence motions in each case. Before those motions were ruled on, Appellant filed a notice of appeal in each case on April 14, 2023. On July 17, 2023, his post-sentence motions were denied by operation of law. Thus, Appellant's premature notices of appeal were made timely by the July 17, 2023 orders. *See* Pa.R.A.P. 905(5) ("A notice of appeal filed after the announcement of a determination but before the entry of an appealable order shall be treated as filed after such entry and on the day thereof.").[2]

Appellant thereafter complied with the trial court's order to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. The

---

[2] On September 14, 2023, this Court granted Appellant's application to consolidate his two appeals.

- 3 -

trial court filed its Rule 1925(a) opinion on August 31, 2023.  Herein, Appellant

states the following three issues for our review:

> 1. Whether the evidence presented at trial was insufficient as a matter of law to sustain the verdicts of guilty for the crimes of:
>
> **A) CP-51-CR-0004569-2021**
>
> i. Attempted Murder (F1)
>
> a. The evidence presented at trial was insufficient to demonstrate that [Appellant] had the specific intent to kill the complainant, Mr. … Fabian.
>
> ii. Aggravated Assault (F1)
>
> a. The evidence presented at trial was insufficient to demonstrate that [Appellant] had the specific intent and/or was reckless in causing/attempting to cause serious bodily injury to the complainant, Mr. … Fabian.
>
> iii. [Violation of the Uniform Firearms Act (VUFA)] Section 6015 (F1)
>
> a. The evidence presented at trial was insufficient to demonstrate [Appellant] possessed a firearm, as no firearm was recovered by law enforcement.
>
> iv. VUFA Section 6106 (F3)
>
> a. The evidence presented at trial was insufficient to demonstrate [Appellant] possessed a firearm, as no firearm was recovered by law enforcement.
>
> v. VUFA Section 6108 (M1)
>
> a. The evidence presented at trial was insufficient to demonstrate [Appellant] possessed a firearm, as no firearm was recovered by law enforcement.
>
> vi. PIC (M1)
>
> a. The evidence presented at trial was insufficient to demonstrate [Appellant] possessed an instrument of crime and had the requisite intent to employ it criminally, as no weapon was recovered by law enforcement.

vii. Simple Assault (M2)

a. The evidence presented at trial was insufficient to demonstrate [Appellant] intended to cause bodily injury to the complainant, Mr. … Fabian.

viii. REAP (M2)

a. The evidence presented at trial was insufficient to demonstrate [Appellant] recklessly engaged in conduct which placed Mr. … Fabian in danger of death or serious bodily injury.

**B) CP-51-CR-0004568-2021**

i. Aggravated Assault (F1)

a. The evidence presented at trial was insufficient to demonstrate that [Appellant] had the specific intent and/or was reckless in causing/attempting to cause serious bodily injury to the complainant, Mr. … Suarez.

ii. Simple Assault (M2)

a. The evidence presented at trial was insufficient to demonstrate [Appellant] intended to cause bodily injury to the complainant, Mr. … Suarez.

iii. REAP (M2)

a. The evidence presented at trial was insufficient to demonstrate [Appellant] recklessly engaged in conduct which placed Mr. … Suarez in danger of death or serious bodily injury.

2. Whether the verdicts of guilty on the aforementioned charges articulated in paragraph 1(a)-(b) were against the weight of the evidence, and as such, require a new trial?

3. Whether the trial court's sentence of 20 to 40 years[' incarceration] was an abuse of discretion?

Appellant's Brief at 5-8 (unnecessary capitalization omitted).

Initially, we agree with the trial court that Appellant waived his sufficiency and weight-of-the-evidence claims for our review. *See* TCO at 5-

6.  In Appellant's Rule 1925(b) statement, he set forth these two issues as follows:

> 1. The evidence presented at trial was insufficient as a matter of law to sustain the verdicts of guilty with regard to:
>
>> a. CP-51-CR-0004569-2021
>>
>> i. Attempted Murder (F1)
>>
>> ii. Aggravated Assault (F1)
>>
>> iii. VUFA Section 6105 (F1)
>>
>> iv. VUFA Section 6106 (F3)
>>
>> v. VUFA SECTION 6108 (M1)
>>
>> vi. PIC (M1)
>>
>> vii. Simple Assault (M2)
>>
>> viii. REAP (M2)
>>
>> b. CP-51-CR-0004568-2021
>>
>> i. Aggravated Assault (F1)
>>
>> ii. Simple Assault (M2)
>>
>> iii. REAP (M2)
>
> 2. The verdicts of guilty on the aforementioned charges articulated in Paragraph 1(a) and (b) were against the weight of the evidence, and as such, requires a new trial.

Rule 1925(b) Statement, 5/16/23, at 1-2 (unnumbered). The trial court was unable to "address either of these 'errors' as … Appellant fail[ed] to provide any specific reason as to why the verdicts are insufficient and against the weight of the evidence." TCO at 5.

This Court has explained that,

The absence of a trial court opinion poses a substantial impediment to meaningful and effective appellate review. Rule 1925 is intended to aid trial judges in identifying and focusing upon those issues which the parties plan to raise on appeal. Rule 1925 is thus a crucial component of the appellate process.

When a court has to guess what issues an appellant is appealing, that is not enough for meaningful review. When an appellant fails adequately to identify in a concise manner the issues sought to be pursued on appeal, the trial court is impeded in its preparation of a legal analysis which is pertinent to those issues.

In other words, a Concise Statement which is too vague to allow the court to identify the issues raised on appeal is the functional equivalent of no Concise Statement at all.

*Commonwealth v. Dowling*, 778 A.2d 683, 686-87 (Pa. Super. 2001)

(cleaned up).

Additionally, we have held that,

[i]n order to preserve a challenge to the sufficiency of the evidence on appeal, an appellant's Rule 1925(b) statement must state with specificity the element or elements upon which the appellant alleges that the evidence was insufficient. Such specificity is of particular importance in cases where, as here, the appellant was convicted of multiple crimes each of which contains numerous elements that the Commonwealth must prove beyond a reasonable doubt.

*Commonwealth v. Freeman*, 128 A.3d 1231, 1248 (Pa. Super. 2015)

(cleaned up).

Here, Appellant did not identify, in his Rule 1925(b) statement, which element(s) of his multiple crimes the Commonwealth allegedly failed to prove. He also did not identify on what basis the court's verdict was contrary to the weight of the evidence presented. Thus, the trial court was unable to review his sufficiency and weight challenges, which in turn hampers our ability to

- 7 -

meaningfully review these issues on appeal. Accordingly, we deem Appellant's first two issues waived. *See Dowling*, 778 A.2d at 687 (deeming Dowling's issue waived where his concise statement "was not specific enough for the trial court to identify and address the issue [he] wished to raise on appeal[,]" which "hampered appellate review").

In Appellant's third issue, he argues that the trial court imposed an "unduly harsh and excessive" sentence, "as Appellant had no prior misdemeanor or felony convictions for violent crimes[,] nor were aggravating circumstances present to warrant a sentence above the advisory guideline range." Appellant's Brief at 25. Appellant further contends that the trial court failed to appropriately balance his "character and lack of violent criminal history/proclivities" against "the violent nature and circumstances of the crime" and "the incredibly serious injuries" caused to the victims. *Id.* at 27. He also insists that the court "relied almost exclusively on the nature of the offense[s] and not the enumerated factors set out in 42 Pa.C.S. § 9721(b)." *Id.* at 27-28. Accordingly, Appellant avers that his "sentence must be vacated as unduly excessive." *Id.* at 28.

Initially, we note:

Challenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right. *Commonwealth v. Sierra*, 752 A.2d 910, 912 (Pa. Super. 2000). An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:

We conduct a four-part analysis to determine: (1) whether [the] appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly

preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. 720; (3) whether [the] appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.[] § 9781(b).

*Commonwealth v. Evans*, 901 A.2d 528, 533 (Pa. Super. 2006), *appeal denied*, … 909 A.2d 303 ([Pa.] 2006). Objections to the discretionary aspects of a sentence are generally waived if they are not raised at the sentencing hearing or in a motion to modify the sentence imposed. *Commonwealth v. Mann*, 820 A.2d 788, 794 (Pa. Super. 2003), *appeal denied*, … 831 A.2d 599 ([Pa.] 2003).

The determination of what constitutes a substantial question must be evaluated on a case-by-case basis. *Commonwealth v. Paul*, 925 A.2d 825, 828 (Pa. Super. 2007). A substantial question exists "only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." *Sierra, supra* at 912–13.

*Commonwealth v. Griffin*, 65 A.3d 932, 935 (Pa. Super. 2013) (quoting *Commonwealth v. Moury*, 992 A.2d 162, 170 (Pa. Super. 2010)).

Here, the Commonwealth points out that Appellant has "failed to include in his brief a concise statement of reasons relied upon for allowance of appeal pursuant to Pa.R.A.P. 2119(f)." Commonwealth's Brief at 21. Thus, Appellant's sentencing challenge is waived. *See Commonwealth v. Kiesel*, 854 A.2d 530, 533 (Pa. Super. 2004) ("[W]hen the appellant has not included a Rule 2119(f) statement and the appellee has not objected, this Court may ignore the omission and determine if there is a substantial question that the sentence imposed was not appropriate, or enforce the requirements of [Rule] 2119(f) *sua sponte, i.e.,* deny allowance of appeal. However, this option is

lost if the appellee objects to a 2119(f) omission. In such circumstances, this Court is precluded from reviewing the merits of the claim and the appeal must be denied."). We also deem Appellant's sentencing claim waived because, in his Rule 1925(b) statement, Appellant only vaguely averred that "[t]he [c]ourt's sentence of 20 to 40 years SCI was an abuse of discretion," without stating any specific basis to support this bald claim. Rule 1925(b) Statement at 2 (unnumbered); *see also Dowling*, *supra*.

In any event, even if properly raised in the Rule 2119(f) and 1925(b) statements — and even had Appellant stated a substantial question for our review — we would conclude that no relief is due. We are mindful that,

> [s]entencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

*Commonwealth v. Shugars*, 895 A.2d 1270, 1275 (Pa. Super. 2006).

Instantly, we would first disagree with Appellant that he received aggravated range sentences for his attempted murder and aggravated assault convictions. *See* Appellant's Brief at 15 ("The [t]rial [c]ourt's aggravated range sentence was an abuse of discretion…."). Appellant states that the standard guideline range for his attempted murder conviction was "138 months['] imprisonment to the statutory limit under the lead charge of [a]ttempted [m]urder with regard to Mr. … Fabian…." Appellant's Brief at 27;

*see also* N.T., 3/16/23, at 40 (stating that the standard guideline range (with the deadly weapon enhancement) was "138 to the statutory limit"). In other words, the standard guideline range for Appellant's attempted murder conviction was 11½ to 40 years' imprisonment. *See* 18 Pa.C.S. § 1102(c) ("Notwithstanding section 1103(1) (relating to sentence of imprisonment for felony), a person who has been convicted of attempt, solicitation or conspiracy to commit murder, murder of an unborn child or murder of a law enforcement officer where serious bodily injury results may be sentenced to a term of imprisonment which shall be fixed by the court at not more than 40 years."). Consequently, we agree with the trial court that Appellant's sentence of 10 to 20 years' imprisonment for that offense was in the mitigated guideline range. *See* TCO at 27. Likewise, Appellant's sentence of 5 to 10 years' incarceration for the aggravated assault of Mr. Saurez was also in the mitigated guideline range, given that the standard range for that offense was "72 to 90 months, plus or minus 12 months" in the mitigated/aggravated range. Appellant's Brief at 27; *see also* N.T. at 40 (stating that the standard guideline range (with the deadly weapon enhancement) was "72 to 90, plus or minus 12").

Second, we would disagree with Appellant that the court abused its discretion by not properly considering the mitigating circumstances and/or each of the section 9721(b) factors. *See* 42 Pa.C.S. § 9721(b) ("In selecting from the alternatives set forth in subsection (a), the court shall follow the general principle that the sentence imposed should call for total confinement that is consistent with section 9725 (relating to total confinement) and the

protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant."). In explaining the sentences it imposed, the court stated that it

> heavily weighed the fact that gunfire occurred in a residential neighborhood, and at very close range next to three people. Subsequently[,] two victims were shot, with one so severely injured he almost died. Appellant shot Mr. Fabian multiple times in the back even as he lay on the ground, unable to flee or protect himself. N.T.[,] 3/16/23,[ at] 58-62.
>
> The [c]ourt thoughtfully reviewed and considered Appellant's [pre-sentence investigation report], mental health evaluation, the sentencing memorandums, and recommendations of both parties along with Appellant's allocution. *Id.*[ at] 37-58. Additionally, the [c]ourt carefully followed the sentencing guidelines resulting in an individualized sentence that took into account the following: Appellant's abhorrent criminal conduct, the gravity of his offenses and the impact on the lives of the victims and the community. *Id.*[ at] 63-64. The resulting sentence also fully addressed Appellant's rehabilitative needs and was consistent with the protection of the public as required by 42 Pa.C.S. § 9721(b). *Id.*[ at] 65.
>
> As detailed herein, the [c]ourt offered sufficient, valid reasons for imposing consecutive sentences for each charge and each victim, resulting in a mitigated guideline sentence of 20 to 40 years['] state incarceration, which is neither excessive nor an abuse of discretion. Based upon careful consideration of all information provided, the [c]ourt appropriately sentenced Appellant and the claim for relief is without merit.

TCO at 8.

Having reviewed the certified record, the sentencing transcript, and the briefs of the parties, we would agree with the court that it did not abuse its discretion in sentencing Appellant, even had he preserved this issue for our

review. It is well-settled that where a judge considers a presentence investigation report, "it will be presumed that he or she was aware of the relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors." *Commonwealth v. Fowler*, 893 A.2d 758, 767-68 (Pa. Super. 2006). Additionally, contrary to Appellant's claim on appeal, the record demonstrates that the trial court assessed all the section 9721(b) factors, and did not rely only on the gravity of Appellant's offenses, or the impact of his crimes on the victims, in fashioning his sentence.

Furthermore, "Pennsylvania law affords the sentencing court discretion to impose its sentence concurrently or consecutively to other sentences being imposed at the same time or to sentences already imposed." *Commonwealth v. Prisk*, 13 A.3d 526, 533 (Pa. Super. 2011) (citation and internal quotation marks omitted). Appellant is not entitled to a "volume discount" for his multiple crimes against two separate victims. *Commonwealth v. Hoag*, 665 A.2d 1212, 1214 (Pa. Super. 1995) (finding "no reason why Hoag should be afforded a 'volume discount' for his crimes by having all sentences run concurrently"). Thus, we would discern no abuse of discretion in the court's imposition of consecutive sentences, especially where Appellant received no further penalty for the majority of his crimes, and the court imposed mitigated range sentences for his two most serious offenses of attempted murder and aggravated assault. Accordingly, even if preserved, Appellant's sentencing claim would warrant no relief.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 5/21/2024